J-S54024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH LEE RYAN | |
| Appellant | No. 146 WDA 2017 |

Appeal from the Judgment of Sentence January 9, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001965-2016

BEFORE: OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.: **FILED OCTOBER 24, 2017**

Kenneth Lee Ryan appeals from the January 9, 2017 judgment of sentence entered in the Erie County Court of Common Pleas following his jury trial convictions for receiving stolen property and defiant trespass – notice given by posting.[1] We affirm.

On November 15, 2016, a jury convicted Ryan of the aforementioned charges. On January 9, 2017, the trial court sentenced Ryan to 2 to 7 years' incarceration for the receiving stolen property conviction and a consecutive 45 to 90 days' incarceration for the defiant trespass conviction. Ryan was also ordered to pay restitution of $350.00 to the victims and $9,007.84 to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3925(a) and 3503(b)(1)(ii), respectively.

State Farm Insurance. On January 10, 2017, Ryan filed a motion for modified and reduced sentence, which the trial court denied on January 11, 2017. On January 17, 2017, Ryan timely filed a notice of appeal.

Ryan's sole issue on appeal is "[w]hether [his] sentence is manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code[.]" Ryan's Br. at 3.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we must first determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issue; (3) whether [the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Ryan filed a timely notice of appeal, preserved his discretionary aspects of sentencing claim in his post-sentence motion, and included a concise statement of the reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). We must now determine whether Ryan's issue raises a substantial question for our review.

We evaluate whether a particular sentencing issue raises a substantial question on a case-by-case basis. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quoting *Commonwealth v. Naranjo*, 55 A.3d 66, 72 (Pa. Super. 2012)). A claim that the sentence imposed was excessive and unreasonable, when that sentence is above the aggravated range under the Sentencing Guidelines, presents a substantial question for our review. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa.Super. 2008) (finding that appellant's "contention that the [trial] court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review").

We conclude that Ryan has raised a substantial question. Based on his prior record score, Ryan's sentence on the receiving stolen property conviction is above the aggravated range. Accordingly, we review the merits of his claim.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010).

Ryan argues that "the trial court abused its discretion in sentencing [him] to such a lengthy period of incarceration." Ryan's Br. at 6. According to Ryan, the trial court failed to consider mitigating factors in his case and "inappropriately factored in crimes for which [he] had been acquitted" based on its statements about Ryan "stealing people's stuff" and "stealing an RV." *Id.* at 7. We disagree.

A review of the record shows that the trial court considered mitigating factors in imposing sentence:

> All right. I'm going to do the following.
>
> First of all, I've considered the letters from [Ryan]'s family. And I simply offer in observation, [Ryan] has children who are going to be damaged by this. The letter recites he's a great father, a hard worker.
>
> [Ryan] writes to me and says, "I'm going to do parole time. I have children." My view of that is to the extent that these people's lives are turned upside down, the place to look for who did that to him is [Ryan] to buy a mirror and look there. I'm not going to be moved one iota because this may have a terrible effect on your family. You did this to them. To the extent there is horror that's going to be visited on them and pain and suffering, the only party responsible is you. So that's my view of those requests for leniency.
>
> . . .
>
> So let's turn to the next thing. My view of [Ryan] is he has a [p]rior [r]ecord [s]core of 5. He's what, forty some years of age by now, and he is irredeemably committed to criminal enterprises. He's got a rap sheet that runs one, two, three and a half pages. Some of them are thefts, other ones show just an unwillingness to conform his conduct to the requirements of the law. We tell him he can't drive, the hell with us, he drives anyway. He is going to do just what he wants to do. There is nothing in this

case that shows the slightest bit of remorse, simply a predatory behavior. His view of the world is you toil and sweat and earn bread, and I'll eat it. It's inconsistent with him walking among us.

The Guidelines here for receiving stolen property. In the Court's observation of [Ryan], the Guidelines are 12 to 18 months in the standard range. In the aggravated range, 21 months.

Here I've considered the Pennsylvania Sentencing Code and its various factors. I've got the benefit of a pre. I've considered the letters. I've presided over trial. I saw a defendant who -- and see a defendant here who has absolutely no remorse, and if circumstances permitted, would do it again. I don't believe rehabilitation is possible. The goal of sentencing is twofold here, to punish and to incapacitate.

In this case, noting the standard range of the Guidelines, I'm going to go beyond them. Because in my view I've considered the enormity of effects of the Guidelines. The punishment isn't enough for the wanton behavior shown by [Ryan].

N.T., 1/9/17, at 15-17. The trial court's statements show that it considered mitigating factors but afforded them no weight. In addition, while Ryan is correct that the trial court characterized him as "stealing people's stuff" and as having stolen an RV, the trial court understood that Ryan had been convicted of receiving stolen property, not theft by unlawful taking:

The jury's verdict here acquitting him of certain charges simply reflects, in the Court's view, not any belief in [Ryan]'s innocence, but just the requirement that the Commonwealth is required to prove that he was the person that actually took this RV off of the lot where it was stored. The real[i]ty is it was found in his possession a short time later hidden in a rural farm property. There is nothing in this verdict that calls into question to the slightest degree any of the -- any question about [Ryan]'s guilt.

- 5 -

I'm not going to sentence him for what he did do,[2] but I note that what he's convicted of, having a stolen RV, is part and parcel of the receiving stolen property travel trailer he was convicted of in 2012 and closely akin to the snowmobile issue in 2000 -- again in 2012. He has a history of theft convictions, a trailer, criminal mischief and then a whole bunch of driving under -- under suspensions, et cetera. DUIs.

*Id.* at 9-10. The trial court's statements show that the trial court did not sentence Ryan for stealing the trailer, but instead sentenced Ryan in the aggravated range based on Ryan's conduct, the information contained in his pre-sentence investigation report, and the other information presented at the sentencing hearing.[3]

Judgment of sentence affirmed.

_____

[2] Based on the context, we presume that the trial court misspoke and meant to say that it would "not sentence Ryan for what he did [**not**] do."

[3] In his brief, Ryan raises an undeveloped, three-sentence challenge to the restitution imposed by the trial court. He did not raise this issue in his Pennsylvania Rule of Appellate Procedure 1925(b) statement or his statement of questions presented in his brief. Ryan appears to argue that the trial court could not impose restitution because neither of the charges "for which [he] was convicted . . . bear[] a claim for damages" and, thus, "the restitution claimed was not a direct result of the crime." Ryan's Br. at 7 (quoting 18 Pa.C.S. § 1106(a)).

Although this issue is non-waivable because it goes to the legality of sentence, *see Commonwealth v. Kinnan*, 71 A.3d 983, 986 (Pa.Super. 2013), we conclude that Ryan's limited argument is meritless. There is no requirement that the Commonwealth affix "damages" in the criminal information or even in its case-in-chief. *See* 18 Pa.C.S. § 1106(c)(4)(i) ("It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   10/24/2017